## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JEFFREY ANDERSON, | ) | CIVIL ACTION NO. 9:14-4777-BHH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| FCI WILLIAMSBURG WARDEN | ) | |
| CRUZ, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This action was filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner serving his sentence at the Federal Correctional Institution (FCI) located in Salters, South Carolina, asserts that he is "actually innocent" of all charges on which he was convicted pursuant to the holding in Johnson v. United States, 135 S.Ct. 2551 (2015)[1].

The Respondent filed a Motion to Dismiss on January 15, 2016. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on January 19, 2016, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to provide an adequate response, his Petition could be dismissed. The Petitioner thereafter filed a response in opposition to Respondent's motion on February 8, 2016.

---

[1]Petitioner initially cited to, inter alia, the case of Surratt v. United States, 797 F.3d 240 (4th Cir. 2015), as being the basis for his sought after relief. Johnson was not decided until after Petitioner filed this petition. However, both Petitioner and the Respondent now address his claims in light of Johnson in their memoranda. See discussion, infra.



This matter is now before the Court for disposition.[2]

## Background

The record reflects that on February 16, 2005, Petitioner was indicted for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). See Criminal Action No. 3:05-cr-179-CMC-1, Docket Entry 1. On September 6, 2006, Petitioner went to trial, at the conclusion of which he was found guilty as charged. See Criminal Action No. 3:05-cr-179-CMC-1, Docket Entries 28 and 29.

The probation office prepared a Presentence Investigation Report ("PSR"), finding that Petitioner faced a statutory minimum of 15 years and a maximum of life imprisonment. See Presentencing Report[3], p. 1 and p. 15, ¶ 68. Petitioner was determined to be an "armed career criminal"(ACCA) pursuant to 18 U.S.C. § 924(e) and USSG §4B1.4 based on six prior convictions; see PSR, ¶¶ 16-21, 23, and 48; which resulted in an advisory guidelines range of 235 to 293 months imprisonment. PSR, ¶ 69. Petitioner objected to the PSR, but the Probation Office rejected his objections. See Addendum to PSR. At sentencing, Petitioner withdrew his objections to the PSR, and the Court adopted the PSR. See Criminal Action No. 3:05-cr-179-CMC-1, Docket Entry 51, at pp. 6-8 (sentencing transcript)[4]. The Court determined the guidelines range to be 235 to 293 months

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Respondent has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]While this document in not on the public court docket, it is available for the Court's review.

[4]This exhibit is a copy of the court docket from Petitioner's underlying criminal case. However, neither party has contested these facts.

2



imprisonment; <u>see</u> Criminal Action No. 3:05-cr-179-CMC-1, Docket Entry 51, p. 8;[5] denied Petitioner's motion for a downward departure, and sentenced him to 235 months imprisonment. <u>Id</u>. at p. 21 Judgment was entered on February 26, 2007. <u>See</u> Criminal Action No. 3:05-cr-179-CMC-1, Docket Entry 42.

On February 26, 2007, Petitioner filed a notice of appeal to the Fourth Circuit Court of Appeals. The Fourth Circuit denied the appeal and affirmed the judgment. <u>See</u> <u>United States v. Anderson</u>, No. 07-4234, 2007 WL 4322270 (4th Cir. Dec. 11, 2007). Thereafter, on August 7, 2008, Petitioner filed a Petition under 28 U.S.C. § 2255 raising four grounds/claims. <u>See</u> Criminal Action No. 3:05-cr-179-CMC-1, Docket Entry 69. On September 29, 2008, the district court dismissed Petitioner's motion. <u>See</u> Criminal Action No. 3:05-cr-179-CMC-1, Docket Entry 78. On September 10, 2010, Petitioner filed a second § 2255 motion. <u>See</u> Criminal Action No. 3:05-cr-179-CMC-1, Docket Entry 68. The district court dismissed Petitioner's motion on November 15, 2010, for lack of jurisdiction because it was a "successive § 2255 motion . . . [and] Defendant's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in the district court [was] fatal to the outcome of any action on the" motion. <u>United States v. Anderson</u>, No. 05-179, 2010 WL 4721135 at * 1 (D.S.C. Nov. 15, 2010).

On December 16, 2014[6], Petitioner filed this § 2241 petition naming the Warden of FCI Williamsburg as the Respondent. As noted, in this petition Petitioner now argues that he no longer qualifies as an "armed career criminal" under the ACCA in light of <u>Johnson</u> because his prior convictions for ABHAN and failure to stop for a blue light no longer qualify as "violent felonies."

---

[5]This exhibit is a copy of the court docket from Petitioner's underlying criminal case.

[6]Filing date under <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).



See Petition.[7]

On July 9, 2015, Petitioner filed a motion to "amend" his second § 2255 motion under Federal Rule of Civil Procedure 15(c)(2). See Criminal Action No. 3:05-cr-179-CMC-1, Docket Entry 100. In this motion, Petitioner again contended that he was entitled to relief from his ACCA enhanced sentence in light of Johnson. On July 20, 2015, the district court dismissed this motion, finding that it was, in reality, a second successive (third overall) § 2255 motion for which Petitioner had not sought permission to file from the Fourth Circuit. See Criminal Action No. 3:05-cr-179-CMC-1, Docket Entry 101.

After the district court's dismissal of his third § 2255 motion, Petitioner filed a motion in the Fourth Circuit under 28 U.S.C. § 2244 on September 22, 2015, seeking Permission to File a Successive § 2255 petition, and contending that he was entitled to relief from his ACCA-enhanced sentence because his prior ABHAN and failure to stop for blue light convictions were no longer "violent felonies" in light of Johnson, United States v. Rivers, 595 F.3d 558 (4th Cir. 2010), and United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013). The Fourth Circuit placed this motion/appeal in abeyance pending a decision in In re: Hubbard, Appeal No. 15-276. See Fourth Circuit Appeal No. 15-300, Docket #4. In re: Hubbard involves a request by a federal prisoner to file a successive § 2255 motion on the grounds that Johnson v. United States established a new rule of

---

[7]"Federal law makes the possession of a firearm by a felon a crime punishable by a prison term of up to 10 years, but the ACCA increases that sentence to a mandatory 15 years to life if the offender has three or more prior convictions for a "serious drug offense" or a "violent felony." The so-called residual clause included in the definition of "violent felony" any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Johnson, the Supreme Court held that clause unconstitutional under the void-for-vagueness doctrine. Johnson, 135 S.Ct. at 2557." Melbie v. May, No. 15-3174, 2016 WL 1624291, at *1 (D. Kan. Apr. 25, 2016).



constitutional law retroactively applicable to cases on collateral review.  See Fourth Circuit Appeal

No. 15-276.

### Discussion

Petitioner is attempting to pursue his claim in this Court under 28 U.S.C. § 2241.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a

federal conviction was through a petition for a writ of habeas corpus pursuant to § 2241.  See

Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).  However, in 1948 Congress enacted

§ 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas

corpus remedy.  See In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases). Now, "a

prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus

statute at all but instead must proceed under 28 U.S.C. § 2255."  Waletzki v. Keohane, 13 F.3d 1079,

1080, (7th Cir.1994).  Hence, since the Petitioner is seeking relief from his conviction and sentence,

the relief requested by the Petitioner in the above-captioned matter is available, if at all, under § 2255.

See United States v. Morehead, No. 97-391, 2000 WL 1788398 (N.D.Ill., December 4, 2000):

> Regardless of how a defendant captions a pleading, "any post-judgment motion in a
> criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under
> § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading
> at bar, [the defendant] argues that the court did not have jurisdiction over his criminal
> case, which is one of the bases for relief under § 2255 ¶ 1.  Therefore, this court must
> construe this motion as a § 2255 motion.

United States v. Morehead, supra.

In order to instead proceed with his claims in this Court under Section 2241, Petitioner

would be required to show that a Section 2255 motion is inadequate or ineffective to test the legality

of his convictions or sentences.  28 U.S.C. § 2255(e).  The fact that Petitioner has already had a §



2255 motion denied by the sentencing court, as is the case here, is not in and of itself sufficient to demonstrate that a § 2255 motion at this time would be inadequate or ineffective.  See In re Avery W. Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)[remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion]; Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir. 1991)[petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241].

The Fourth Circuit Court of Appeals set  forth the test to determine if a §2255 motion would be inadequate or ineffective in In re Jones, 226 F.3d 328, 333-34 (4th Cir.2000), holding that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-334.  Petitioner has not set forth any set of facts which could be construed to meet the prongs announced in Jones, as Johnson announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. § 2255(h); see Welch v. United States, No. 15-6418, 2016 WL 1551144, at * 11 (S.Ct. Apr. 18, 2016); see also White v. Wilson, No. 15-3700, 2016 WL 1555699 at *2 (D.Minn. Apr. 18, 2016)[dismissing § 2241 petition, because Petitioner can seek authorization to file a second 28 U.S.C. § 2255 petition to seek relief under Johnson]; cf King v. Werlich, No. 16-300, 2016 WL 1583936 (S.D.Ill. Apr. 20, 2016)[Held that "because Johnson announced a new rule of constitutional law, the holding of Johnson cannot be the

6



basis for a § 2241 petition", but adding that "it may present grounds for filing a second or successive § 2255 motion," which would require permission from the appropriate court of appeals]; In re Robinson, No. 16-11304, 2016 WL 1583616 at *1, ___ F.3d ___ (11th Cir. Apr. 19, 2016).

As a result, this court does not have jurisdiction to entertain Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[8] Rather, in light of Welch and Johnson, Petitioner may seek permission to file a successive § 2255 petition with the Fourth Circuit.[9] Scott v. Wilson, No. 15-333, 2016 WL 1626593 (E.D.Va. Apr. 21, 2016)[Dismissing § 2241 petition for relief under Johnson, but noting that if the petition is successive that Petitioner will need to seek a certificate of appealability from the Fourth Circuit]. The undersigned expresses no opinion on the merits of

---

[8]The undersigned notes that in Surratt (Petitioner's original basis for relief) the Fourth Circuit left open the possibility of relief under § 2241 for an allegedly unlawful sentence to a term of imprisonment exceeding the statutory maximum. See Surratt, 797 F.3d at 209, rehearing *en banc* granted (Dec. 2, 2015); see also Order [Court Docket No. 14]. However, in light of Welch, it is not clear whether this avenue for relief would still be viable where a possibility of relief under § 2255 now exists. Atehortua, 951 F.2d at 129 [petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241]; see Jolly v. United States, No. 16-4, 2016 WL 1614409 at * 3 (W.D.N.C. Apr. 22, 2016)[providing sentencing relief under § 2255 where Petitioner argued "that, in light of Johnson, his prior Florida convictions for burglary and escape do not constitute 'violent felonies' for purposes of the ACCA", the government conceded that Petitioner was correct, and the court reviewed the record and agreed]; White, 2016 WL 1555699, at * 2 [dismissing § 2241 petition, because Petitioner can seek authorization to file a second 28 U.S.C. § 2255 petition to seek relief under Johnson].

[9]As previously discussed, Petitioner has already filed a motion with the Fourth Circuit to file a successive petition, which is currently pending and being held in abeyance pending a decision in In re: Hubbard, Appeal No. 15-276. See Fourth Circuit Appeal No. 15-300, Docket #2. **In the event this previously filed motion is not deemed a proper filing for purposes of this opinion, Petitioner is advised that his time for doing so may expire on June 26, 2016**. Cf. Dodd v. United States, 545 U.S. 353, 360 (2005); Johnson, 135 S.Ct. 2551; see King, 2016 WL 1583936, at * 3 [Noting one year filing requirement].



Petitioner's arguments.[10]   Cf. Dodd, 545 U.S. at 360.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to deny

Petitioner's habeas petition be **granted**, and that this Petition be **dismissed, without prejudice.**

The parties are referred to the Notice Page attached hereto.[11]

_____
Bristow Marchant
United States Magistrate Judge

May 3, 2016
Charleston, South Carolina

---

[10]Respondent argues that even if Petitioner's ABHAN and failure to stop for a blue light convictions were to no longer count as "violent felonies", that he would still have four additional qualifying predicate convictions for ACCA purposes. See Memorandum in Support of Motion to Dismiss, p. 2.  However, Petitioner also challenges whether these other convictions qualify as predicate convictions for ACCA purposes pursuant to Johnson. See Memorandum in Opposition, pp. 2-4.

[11]As the Petitioner cites Johnson v. United States as the basis for his requested relief, pursuant to Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9,2015), the Clerk of Court is directed to send a copy of this Report and Recommendation to the Federal Public Defender for such evaluation and action as may be deemed appropriate by that office. See Standing Order No.3: 15-mc-325-TL W (D.S.C. Oct. 9, 2015)[authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in Johnson].



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

