IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Anderson, ) | C/A No. 9:14-4777-BHH-BM |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| ) | |
| FCI Williamsburg Warden Cruz ) | |
| ) | |
| Respondent. ) | |

Petitioner, Jeffrey Anderson, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Marchant recommends that Respondent's Motion to Dismiss be granted and the § 2241 petition be denied. (ECF No. 33.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

In this § 2241 action, Petitioner, a federal inmate at FCI-Williamsburg, is challenging his status as an Armed Career Criminal and seeks a reduction in his federal sentence. Petitioner was convicted of being a felon in possession of a firearm and sentenced to 235 months in prison. He appealed and his conviction was affirmed by the Fourth Circuit Court of Appeals on October 31, 2007. *United States v. Anderson*, 249 Fed. App'x 982 (4th Cir. 2007).

1

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court on September 29, 2008. *See United States v. Anderson*, Case No. 3:05-cr-179-CMC (D.S.C.) (ECF No. 78). Petitioner then filed a second § 2255 motion, which was denied on November 15, 2010 as a second or successive application without permission from the Circuit Court. *See id.* (ECF No. 94).

On April 25, 2014, Petitioner filed a § 2241 petition, arguing that his prior convictions no longer qualify as predicate offenses for Armed Career Criminal status for the purposes of sentencing him pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The Court adopted the report and recommendation of the Magistrate Judge and dismissed the § 2241 petition, finding no clear error in the absence of timely filed objections by Petitioner. *See Anderson v. FCI Williamsburg Warden Cruz*, Case No. 9:14-cv-1656-BHH (D.S.C.) (ECF No. 17). The Fourth Circuit dismissed Petitioner's appeal on October 24, 2014. *Anderson v. FCI Williamsburg Warden Cruz*, 585 Fed. App'x 114 (4th Cir. 2014). Petitioner states that he filed an application to the Fourth Circuit to file a second or successive petition pursuant to § 2255, and that the application was "recently denied." (*See* ECF No. 1-1 at 3.)

Petitioner attempted to amend his prior § 2255 motion by filing a motion to amend pursuant to Fed. R. Civ. P. 15(c)(2) on July 9, 2015. *See United States v. Anderson*, Case No. 3:05-cr-179-CMC (D.S.C.) (ECF No. 100). Petitioner argued that he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because his prior convictions no longer qualified as predicate offenses for Armed Career Criminal status under the ACCA. Petitioner's motion to amend was dismissed

2

because the court found that the motion "[was], in reality, a successive § 2255 motion," which Petitioner filed without permission from the Fourth Circuit. *United States v. Anderson*, Case No. 3:05-cr-179-CMC (D.S.C.) (ECF No. 101).

On September 22, 2015, Petitioner sought permission from the Fourth Circuit to file a successive § 2255 motion. The Fourth Circuit placed the motion "in abeyance pending a decision in *In re Hubbard*, Appeal No. 15-276."[1] Fourth Circuit Appeal No. 15-300, Dkt. No. 4. On May 4, 2016, after the Supreme Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review," *see Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Fourth Circuit denied Petitioner's request to file a successive § 2255 motion on the ground that the holding in *Johnson*, even if applied retroactively to cases on collateral review, would entitle Petitioner to no relief because his three drug convictions are still valid ACCA predicate offenses after *Johnson*. Fourth Circuit Appeal No. 15-300, Dkt. No. 6.

Petitioner brought the instant § 2241 petition on December 16, 2014, restating his arguments that his prior convictions no longer qualify him for sentence enhancement under the ACCA, and asserting that his § 2241 petition is proper (rather than a § 2255 petition) because of recent decisions by the United States Supreme Court in *Persaud v. United States*, 134 S. Ct. 1023 (2014) and by the Fourth Circuit in *Surratt v. United States*.[2] Petitioner alleges that his sentence, including the imposition of a mandatory-

---

[1] *In re Hubbard* "was expected to address the retroactivity of *Johnson* to cases on collateral review." Fourth Circuit Appeal No. 15-300, Dkt. No. 6 at 2.

[2] Petitioner did not provide a citation to the referenced case, but stated only "Surratt v. United States, (4th. Cir. 2014)." (ECF No. 1-1 at 1.) At the time the instant § 2241 petition was filed, it appears Petitioner was referring to a case from the Western District of North Carolina, *Surratt v. United States*, Case No. 3:12-cv-513, 2014 WL 2013328 (W.D.N.C. May 16, 2014), which was pending appeal to the Fourth Circuit. After the Magistrate Judge issued his first Report and Recommendation in this case on May 15, 2015 (ECF No. 9), the Fourth Circuit issued its decision in *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015), dated

3

minimum term of fifteen years confinement, exceeds the statutory maximum he would have otherwise faced had his sentence not been improperly enhanced.

On May 15, 2015, the Magistrate Judge issued his first Report and Recommendation ("first Report") recommending that the § 2241 petition be dismissed without prejudice and without requiring the respondent to file a return because Petitioner's challenge to his sentence enhancement under the ACCA could not satisfy the savings clause of § 2255, and therefore was not appropriate for review under § 2241. (ECF No. 9.) On June 5, 2015, Petitioner filed a "motion" pursuant to the first Report (ECF No. 12), which the Court construed as an objection (*see* ECF No. 14 at 3). In his objection, Petitioner requested that the Court "hold his petition in abeyance" pending the Fourth Circuit's decision in the case of *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015). In declining to adopt the first Report, the Court noted that the Magistrate Judge issued his initial recommendation without the benefit of *Surratt*, which left open the question of whether a petitioner whose resultant sentence exceeds the statutory maximum could proceed under § 2241. (ECF No. 14 at 8); *see Surrat*, 797 F.3d at 250, 255, 269 (stating that "*Jones* is not the exclusive route to § 2255(e) relief in all situations," "a sentence imposed above the proper statutory maximum might present [an] instance of an unlawful sentence, as 'the power to prescribe the punishments to be imposed upon those found guilty of [federal crimes] resides wholly with Congress'" (quoting *Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)), and "[w]e do not decide whether, for instance, a federal prisoner might bring a §

---

July 31, 2015. The Fourth Circuit granted a rehearing en banc on December 2, 2015. Fourth Circuit Appeal No. 14-6851, Dkt. No. 84.

2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum").

Respondent filed a Motion to Dismiss on January 15, 2016. (ECF No. 25.) On February 8, 2016, Petitioner filed a Response to the Motion to Dismiss. (ECF No. 29.) The Magistrate Judge then issued the instant Report recommending that the Motion to Dismiss be granted. (ECF No. 33.) Petitioner timely filed objections (ECF No. 35) to the Report. The Court has reviewed those objections, but finds them to be without merit; therefore, it will enter judgment accordingly.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). In the absence of a specific objection, the Court reviews the Magistrate's conclusions only for clear error. *See Diamond v. Colonial Life*

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). On May 16, 2016, Petitioner filed objections (ECF No. 35) in this case, and the Court has thus conducted the requisite *de novo* review.

In reviewing these pleadings, the Court is mindful of Petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

Upon review, Petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The petition for a writ of habeas corpus pursuant to § 2241 must be denied for the reasons set forth in the Magistrate Judge's concise and thorough report.[3]

Petitioner first objects to the Magistrate Judge's finding that the Court lacks jurisdiction to consider Petitioner's § 2241 motion. Generally, applications for writ of habeas corpus under 28 U.S.C. § 2241 are not used to seek relief from a federal conviction and sentence. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). An inmate under sentence of a federal court may properly challenge his conviction and sentence by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, in the court which imposed the sentence. *Id.*

---

[3] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge. Comprehensive recitation of law and fact exists there.

6

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." The Magistrate Judge concluded that Petitioner is not entitled to challenge his federal sentence under § 2241 because he does not satisfy the savings clause of § 2255, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C.A. § 2255(e). The Fourth Circuit has previously held that to establish that § 2255 "is inadequate or ineffective to test the legality of [a petitioner's] detention" as required by the statute, three conditions must be met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

The Magistrate Judge correctly found that "Petitioner has not set forth any set of facts which could be construed to meet the prongs announced in *Jones*." (ECF No. 33 at 6.) Specifically, the Magistrate Judge observed that it is impossible for the Petitioner to satisfy the third prong in *Jones* because Petitioner relies upon *Johnson*, which "announced a new rule of constitutional law made retroactive to cases on collateral review." (ECF No. 33 at 6); *see Welch*, 136 S. Ct. at 1268; *see also In re Hubbard*, Appeal No. 15-276, 2016 WL 3181417, at *6 (4th Cir. June 8, 2016) ("[T]he decision in *Welch* declared unequivocally that *Johnson* was 'a substantive decision and so has

7

retroactive effect under [*Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion)] in cases on collateral review.'" (quoting *Welch*, 136 S. Ct. at 1265)).

In his objections, Petitioner does not specifically address any of the three prongs from *Jones*; rather, he argues that "2255 is inadequate and ineffective to test the legality of his current detention under *Johnson* because he has been denied a Second Successive 2255 by the Fourth Circuit Court of Appeals on May 04, 2016." (ECF No. 35 at 6.) The Fourth Circuit denied Petitioner's request for authorization to file a successive § 2255 motion because Petitioner is not entitled to relief under *Johnson* since "his three drug convictions are still valid ACCA predicate offenses after *Johnson*." Fourth Circuit Appeal No. 15-300, Dkt. No. 6. While Petitioner's request to file a successive § 2255 motion was unsuccessful, it was not inadequate or ineffective in testing the legality of his detention. It is well-settled that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

In light of the Fourth Circuit's denial of Petitioner's request to file a successive § 2255 motion, it is now clear that the caveat left open in *Surrat*, namely, that a prisoner might be permitted to challenge the legality of his sentence by bringing a § 2241 petition claiming he was sentenced in excess of the applicable statutory maximum, *see Surrat*, 797 F.3d at 269, is foreclosed to Petitioner given his history of predicate convictions that

8

qualified him for the ACCA enhancement irrespective of the convictions he challenged under the *Johnson* ruling. Thus, the Court is able to resolve this matter despite the fact that the Fourth Circuit has not yet issued a ruling after the *en banc* rehearing in *Surrat*. *See* Fourth Circuit Appeal No. 14-6851, Dkt. No. 122 (indicating *en banc* oral argument heard before the panel on March 23, 2016, but no ruling as of the date this Order is filed).

Petitioner's remaining objections are not objections to the Report, but rather to the Fourth Circuit's decision to deny Petitioner's request to file a successive § 2255 motion. Since this Court has no authority to review the decisions of its supervisory court, the undersigned declines to address those objections.

## **CONCLUSION**

After *de novo* review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. It is therefore ordered that Respondent's Motion to Dismiss (ECF No. 25) is GRANTED and Petitioner's § 2241 petition is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
July 27, 2016